UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
STEPHEN MARCELLINO, JR.,

                                                                    Civil Action No.
                                    Plaintiff,

                                                                    COMPLAINT

                    -against-

 LIPPOLIS ELECTRIC, INC. and CARMINE LIPPOLIS,

                                    Defendants.

--------------------------------------------------------------------------X

Plaintiff  Stephen Marcellino, Jr., by his attorneys, Katz Melinger PLLC, complaining of Defendants Lippolis Electric, Inc. (the "Firm") and Carmine Lippolis (individually, "Lippolis")(collectively "Defendants"), respectfully allege upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## **Nature of Action**

1.      This is a civil action seeking damages and equitable relief for Defendants' violations of Plaintiff 's rights guaranteed to them by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a) and the New York Labor Law ("NYLL") to receive all wages and commissions due to him, along with the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3) and any other claim(s) that can be inferred from the facts set forth herein.

## **Jurisdiction and Venue**

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 in that this is an action arising under the FLSA.

3.     This Court has supplemental jurisdiction over the claims arising under the NYLL pursuant to 28 U.S.C. § 1367 in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4.     Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

**Parties**

5.     Stephen Marcellino, Jr. is an individual residing in the State of New York.

6.     At all relevant times, Plaintiff was employed by Defendants as defined by 29 U.S.C. § 203(e), and NYLL §190.

7.     Lippolis Electric, Inc. ("the Firm") is a corporation with a principal place of business located at 25 Seventh Street, Pelham, New York 10017.

8.     Carmine Lippolis is an individual residing, upon information and belief, in the State of New York.

9.     Defendants are in the electrical contracting business.

10.    At all relevant times, the Firm was an employer within the meaning of the FLSA and NYLL.

11.    At all relevant times, Carmine Lippolis, was, and still is, an officer, director, shareholder and/or person in control of the Firm named herein who had significant control over the Firm's operations and had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of pay for employees; and maintain employment records.

12.    At all relevant times, Defendants were responsible for setting Plaintiff 's schedules and day-to-day activities and for supervising Plaintiff's performance.

13.    At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

14.    At all relevant times, Defendants were responsible for compensating Plaintiff.

15.    Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff 's compensation, and are jointly and severally liable in this matter.

16.    At all relevant times herein, Defendants' qualifying annual business exceeded and exceeds $500,000.00.

17.    Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employ two or more employees and order supplies and equipment, which originate in states other than New York, as well as process payments from out of state banking and credit card processers or institutions and maintain clients who have presences out of the state.

18.    All Defendants are subject to suit under the statutes alleged above.

## Factual Allegations

19.    Defendants employed Plaintiff Marcellino from in or around January 1, 2019 until January 23, 2026.

20.    At all relevant times, Plaintiff was employed by Defendants as an electrical contractor salesperson.

21.    Plaintiff held the position of Vice President of Sales from in or around November 2023 until the end of his employment.

22.    Plaintiff compensation consisted of a base salary and commission on all sales each year as follows: From 2024 through March 2025, Plaintiff was paid a commission of 6% of all

sales up to his quota of three times his then current salary, and then a commission of 12% of all sales thereafter. In March 2025, Plaintiff commission agreement and salary were adjusted such that he would receive a commission of 4% on all sales with no quota. Throughout his employment, Plaintiff also received a commission of 3% on all renewals and 4% on all DES projects; those sales were not included in his quota.

23.    The Firm's compensation policy, as articulated by Lippolis to Plaintiff, was that if Plaintiff performed the work on a sale, he was entitled to the applicable commission on that sale.

24.    During his employment, Plaintiff regularly completed sales well in excess of his quota and earned significant commissions. However, the Firm did not pay all of the commission due to him. Moreover, despite repeated requests from Plaintiff for payment and for his commission reports, the Firm failed and refused to pay all the money owed to him.

25.    On January 15, 2026, Lippolis provided Plaintiff with an incomplete commission report for 2024 and 2025. According to the inaccurate commission report, Defendants owe Plaintiff $25,114.33 for commissions from 2024 and at least an additional $64,586.54 for commission from 2025.

26.    The commission report understates Plaintiff commission for January 2025 through March 2025 by $25,481.64 and does not include commission earned in December 2025 or in 2026, which Plaintiff believes are no less than $15,000.00.

27.    Defendants were, and, are aware of its failure to pay, and is knowingly and intentionally depriving Plaintiff of commissions based on the inaccurate report.

28.    By failing to pay all wages and commissions timely, Defendants also failed to furnish to Plaintiff accurate commission reports and wage statements itemizing the sales, commissions earned, and amounts due and owing, in violation of NYLL § 195(3).

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*(Failure to Pay all Wages Earned under the Fair Labor Standards Act)*

29.     All prior allegations set forth above are repeated and realleged.

30.     Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to receive all compensation due to him.

31.     Throughout the relevant period, Defendants knowingly failed to pay Plaintiff all wages and commissions due to him.

32.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due to him, along with all reasonable attorneys' fees, interest, and costs.

33.     As Defendants did not have a good faith basis to believe that their failure to pay all wages was in compliance with the law, Plaintiff is entitled to liquidated damages equal to one hundred percent (100%) of the total wages due to him.

34.     Judgment should be entered in favor of Plaintiff and against Defendants on the First Claim in the amount of his unpaid all commissions, wages, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*(Fair to Pay All Wages under the NYLL)*

35.     All prior allegations set forth above are repeated and realleged.

36.     Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to all wages, and commissions due to him.

37.     Plaintiff earned commissions constitute "wages" that must be paid in full and on time.

38.     Throughout the relevant period, Defendants knowingly failed to pay Plaintiff and all commissions and wages due to him.

39.     As a result of Defendants' violations of the law and failure to pay Plaintiff his required commissions and wages, Plaintiff has been damaged and is entitled to recover from Defendants all commissions, wages and wage supplements, along with reasonable attorneys' fees, interest, and costs.

40.     As Defendants did not have a good faith basis to believe that their failure to pay all wages was in compliance with the law, Plaintiff is entitled to liquidated damages in an amount equal to no more than one hundred percent (100%) of his unpaid wages.

41.     Judgment should be entered in favor of Plaintiff and against Defendants on the Second Claim in the amount of his unpaid commissions and wages, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*(Failure to Provide Wage Statements in Violation of the NYLL)*

42.     All prior allegations set forth above are repeated and realleged.

43.     Throughout the relevant period, Defendants, by failing to pay all commissions, failed to furnish to Plaintiff with accurate wage statements listing: his gross wages; deductions; allowances, in violation of NYLL § 195(3).

44.     By failing to provide Plaintiff with accurate wage statements as required by NYLL §§ 195(3), Defendants deprived Plaintiff of his statutory rights to be provided with complete and accurate information about the terms and conditions of his compensation, including his correct regular rates of pay, the amount of compensation paid for work, and the total amount of compensation owed to them.

45. Defendants' failure to provide Plaintiff with such information caused Plaintiff to endure uncertainty regarding his wages and hindered his ability to take action to correct Defendants' violations as Defendants deprived Plaintiff the means to confirm that they were being compensated in accordance with the terms of his employment and with the requirements of federal and state law.

46. Had Plaintiff been provided with such information, Plaintiff would have been certain that they were being paid incorrectly and Plaintiff would have addressed the issue with Defendants in order to be paid correct wages in a timely manner. Instead, Plaintiff was deprived of wages and has not been properly compensated to date.

47. As a result, Defendants injured Plaintiff by denying him the right to complete and accurate information about the terms of his compensation, which resulted in the underpayment of his wages.

48. As Defendants failed to provide Plaintiff with accurate wage statements as required by NYLL § 195(3), Plaintiff are entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

49. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.      An order restraining Defendants from any retaliation against Plaintiff, for participation in any form in this litigation;

d.      All damages that Plaintiff has sustained as a result of Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff, would have received but for Defendants' unlawful payment practices;

e.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

f.      Awarding Plaintiff his reasonable attorneys' fees, as well as his costs and disbursements incurred in connection with this action;

g.      Prejudgment and post-judgment interest, as provided by law; and

h.      Granting Plaintiff such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       July 17, 2026

Respectfully submitted,
KATZ MELINGER PLLC
370 Lexington Avenue, Suite 1512
New York, New York 10017
T: (212) 460-0047
F: (212) 428-6811

*/s/ Kenneth Katz*
By: Kenneth Katz
*Attorneys for Plaintiff*